1  GORDON P. ERSPAMER (CA SBN 83364)
   JAMES M. SCHURZ (CA SBN 145874)
2  REBECCA SNAVELY SAELAO (CA SBN 222731)
   DEREK F. FORAN (CA SBN 224569)
3  MORRISON & FOERSTER LLP
   101 Ygnacio Valley Road, Suite 450
4  P.O. Box 8130
   Walnut Creek, California 94596-8130
5  Telephone: (925) 295-3300

6  Attorneys for Plaintiffs
   CALPINE CORPORATION and CALPINE CONSTRUCTION
7  FINANCE COMPANY, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALPINE CORPORATION, a Delaware Corporation, and CALPINE CONSTRUCTION FINANCE COMPANY, L.P., a Delaware Limited Liability Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN AREA POWER ADMINISTRATION, an Agency of the United States Department of Energy; MICHAEL S. HACSKAYLO, in his capacity as Administrator of the Western Area Power Administration; SAMUEL WRIGHT BODMAN, in his capacity as Secretary of Energy of the United States, acting by and through the Western Area Power Administration; THE UNITED STATES DEPARTMENT OF ENERGY, acting by and through the Western Area Power Administration; the UNITED STATES of AMERICA, acting by and through the Western Area Power Administration,<br><br>Defendants. | Case No. C05-02241-SI<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PARTY AND NON-PARTY DISCOVERY**<br><br>Judge: Honorable Susan Illston |

CASE NO. C05-02241-SI                                    1
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
sf-1997102

Each of the parties hereto and Person and entity who or which subsequently joins this Stipulation agrees to produce "Material" and "Confidential Material'" as defined below, pursuant to this Stipulation, which Stipulation, except as provided in Paragraph 24 herein below, is binding and effective only upon approval hereof as an order of the Court; consequently, this Stipulation is referred to hereinafter as the "Protective Order."

## DEFINITIONS

1. As used in this Protective Order, the words or terms:

   (a) "Material" shall include any document, testimony, or information in any form or medium whatsoever, including, without limitation, any written, printed, or electronic matter produced by a Party to this Stipulation in connection with this litigation.

   (b) "Confidential Material" shall mean any Material designated "Confidential" in accordance with the terms of this Protective Order.

   (c) "Non-Party" means any Person or entity who or which provides "Material" during the course of this civil action other than one of the entities entering into this Stipulation for Protective Order who hereafter joins in this Stipulation.

   (d) "Person" shall include an individual, corporation, partnership, trustee, unincorporated association, governmental agency, or other business or governmental entity.

   (e) "Party to this Stipulation" shall mean any signatory party to this Stipulation and any Person who or which agrees to be bound hereby, their respective attorneys and agents.

   (f) "Provide" shall mean to produce for inspection and copying or to otherwise provide access to any Material, voluntarily or involuntarily, whether pursuant to request or process and whether in accordance with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or otherwise.

## CONFIDENTIAL DESIGNATION

2. A Party to this Stipulation may designate as "Confidential" any Material which contains or discloses information that the Party to this Stipulation is under an obligation to preserve as confidential under an agreement with another Person or otherwise, or which

1 contains or discloses financial, proprietary, or competitive or other business information

2 which is not generally known or ascertainable by the general public, and/or which contains or

3 discloses information of a personal or sensitive nature. A Party to this Stipulation may

4 designate as "Confidential" and may add to such designation the additional designation of

5 "Attorneys' Eyes Only" such Material that meets the standards of the preceding sentence of

6 this paragraph and additionally is of such competitive value or sensitive nature that its

7 disclosure to Persons other than those specified herein below would create a serious and

8 unreasonable risk of loss or damage to the Person or entity Providing such Material, and

9 which the Party believes to constitute a trade secret or to be of a high degree of current

10 commercial sensitivity and/or would provide a competitive advantage to its competitors if

11 disclosed.

12    3.    A Party to this Stipulation who or which Provides Material (the "Producing

13 Party") may designate as Confidential or as Confidential – Attorneys' Eyes Only such

14 Material provided to a party to this litigation (the "Receiving Party") that meets the standards

15 set forth in Paragraph 2 of this Protective Order, applicable to the particular designation so

16 made.

17    4.    The Producing Party shall designate Material for protection under this

18 Protective Order by physically marking the Material as follows, prior to its production to the

19 Receiving Party:

20    CONFIDENTIAL [or CONFIDENTIAL–ATTORNEYS' EYES ONLY].

21 A Party to this Stipulation may so designate only that Material which it in good faith believes is

22 entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. The party

23 which so designates Material is the "Designating Party," as that term is used in Paragraphs 10, 15 and

24 16 of this Protective Order.

25    **RESTRICTION ON USE OF MATERIAL AND CONFIDENTIAL MATERIAL**

26    5.    Confidential Material shall not be disclosed, nor shall its contents be disclosed,

27 to any Persons other than those described in Paragraph 8(a)-(h) of this Protective Order, and

28 Confidential Material additionally designated as Attorneys' Eyes Only shall not be disclosed,

1   nor shall its contents be disclosed, to any Person other than those described in Paragraph 8(a),
2   8(b), 8(c), 8(d), 8(e), and 8(g) of this Protective Order and then only in accordance with the
3   terms, conditions, and restrictions of this Protective Order.
4       6.    Material provided to a Receiving Party shall not be used by him, her, or it for
5   any purpose, including without limitation, any personal, business, governmental, or
6   commercial purpose, other than the preparation for, trial of, or an appeal from, including any
7   re-trials of, this civil action and any and all collateral proceedings related to this civil action or
8   any other legal disputes between the Parties to this Stipulation.
9       7.    All Material shall be kept secure by the counsel for the Receiving Party and
10  access to Confidential Material and Confidential Material with the additional designation
11  Attorneys' Eyes Only shall be limited to the Persons authorized pursuant hereto.
12      8.    For purposes of the preparation, trial, appeal, or re-trial and any and all
13  collateral proceedings related to this civil action or any other legal disputes between the
14  Parties to this Stipulation, and subject to this Protective Order, counsel for a Receiving Party
15  may disclose Confidential Material only to the following Persons:
16      (a)    Counsel of record working on this litigation and such counsel's
17  partners, associates, paralegals, secretaries, and clerical employees who are directly working
18  on this civil action, provided that such counsel is representing a Party to this Stipulation.
19      (b)    No more than two designated, in-house counsel working on or
20  responsible for supervising the conduct of this civil action and such in-house counsel's
21  paralegals, secretaries, and clerical employees who are directly participating in the
22  preparation, trial, appeal, or re-trial of this civil action, provided that such in-house counsel is
23  employed by a Party to this Stipulation.
24      (c)    The Court and any Person employed by the Court whose duties require
25  access to such Confidential Material, including without limitation the Court's clerks, deputy
26  clerks, law clerks, bailiffs, court reporters, and the staff of such court reporters.
27      (d)    Witnesses at depositions or pre-trial proceedings in this civil action,
28  and then only in accordance with the procedures set forth in Paragraphs 11-12 hereof.

    (e)  Experts and consultants retained by or for any Party to this civil action by any counsel described in Paragraph 8(a) and 8(b) above to assist with the preparation, trial, appeal, or re-trial of the action, and such expert's and consultant's respective secretarial, technical, and clerical employees who are actively assisting in the preparation, trial, appeal, or re-trial of the action, and then only in accordance with the procedures set forth in Paragraph 9 hereof.

    (f)  Employees of the Parties to this Stipulation whose duties in connection with this litigation give them a reasonable need to have access to such Confidential Material, and then only in accordance with the procedures set forth in Paragraph 9 hereof.

    (g)  Any Person identified on the face of any such Confidential Material as an author or recipient thereof.

    (h)  Any Person who is determined to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof, provided that there is prior testimony of actual authorship or receipt of the Confidential Material by such Person.

  The Parties to this Stipulation shall make a good faith effort to limit dissemination of all Confidential Material to those Persons within the foregoing categories who have a reasonable need for access to such Material.

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

9.  Before counsel for a Receiving Party may disclose any Confidential Material to any Person described in Paragraphs 8(b), 8(d), 8(e), or 8(f) above, the Person to whom such disclosure is to be made shall read a copy of this Protective Order, and shall evidence his or her agreement to be bound by its terms, conditions, and restrictions by signing the form attached as Exhibit A to this Protective Order (the "Undertaking") and such counsel shall retain a copy of this Protective Order, with a copy of such Person's signed Undertaking attached; provided however, that if a Person described in Paragraph 8(d) refuses to so agree, the Confidential Material can be disclosed to such Person but only upon the written or recorded consent of the Producing Party who or which Provided the Confidential Material or

1 upon order of a court, including order of any court with jurisdiction over the Person who so
2 refuses to agree.

## OBJECTIONS TO DESIGNATION

4     10.     Any Party to this Stipulation may at any time notify the Designating Party in
5 writing of its contention that specified Material designated as Confidential or as Confidential
6 – Attorneys' Eyes Only is not properly so designated because such Material does not meet the
7 applicable standards set forth in Paragraph 2 of this Protective Order. Such Party to this
8 Stipulation shall as soon as practicable, but not more than five (5) court days thereafter, call
9 for a meet and confer to challenge such designation and to seek resolution of the dispute. The
10 Designating Party shall have thirty (30) calendar days from and after such initial meet and
11 confer in which to file a motion to uphold the designation of the Material in question. If no
12 motion is filed within that time or within any mutual extension of time, all Parties may treat
13 the Material as if it had not been designated as Confidential or as Confidential – Attorneys'
14 Eyes Only. To prevail on such motion, the Designating Party must show by a preponderance
15 of the evidence that there are proper grounds and good cause for the designation. Each Party
16 to this Stipulation agrees that the Court may and should award monetary sanctions to the Party
17 or Parties to this Stipulation prevailing on any such motion. Pending resolution of any motion
18 filed pursuant to this paragraph, all Persons bound by this Protective Order shall continue to
19 treat the Material which is the subject of the motion as designated by the Designating Party.

## DEPOSITIONS

21     11.     Counsel for any deponent, Producing Party, or Party to this Stipulation may
22 designate deposition testimony or exhibits thereto as Confidential or as Confidential –
23 Attorneys' Eyes Only by indicating on the record at the deposition that such testimony or
24 exhibits are to be so designated. Failure to so designate testimony or exhibits at deposition,
25 however, shall not constitute a waiver of the right to make such designation so long as same is
26 made within thirty (30) calendar days after receipt of the transcript of the deposition, by
27 written notice of such designation to the deponent, all counsel who appeared at the deposition,
28 and the court reporter. Until counsel for the deponent or Party to this Stipulation designates

1  the transcript or exhibits as Confidential or as Confidential – Attorneys' Eyes Only, however,

2  any party shall be entitled to treat the transcript or exhibits like any other Material.

3      12.    When Material disclosed during a deposition is designated as Confidential or

4  as Confidential – Attorneys' Eyes Only at the time testimony is given or thereafter, the

5  reporter shall separately transcribe those portions of the testimony so designated, shall mark

6  the face of the transcript in accordance with the applicable confidentiality language set forth

7  in Paragraph 4 above, and shall maintain that portion of the transcript or exhibits in separate

8  files marked to designate the confidentiality of their contents.  The reporter shall not file or

9  lodge with the Court any transcripts or exhibits so designated without obtaining written

10  consent from the Party who so designated the Material.  For convenience, if a deposition

11  transcript or exhibit contains repeated references to Confidential Material which cannot

12  conveniently be segregated from non-confidential Material, any Party to this Stipulation may

13  request that the entire transcript or exhibit be maintained by the reporter as Confidential

14  Material.

### USE OF CONFIDENTIAL MATERIAL
### IN PLEADINGS AND OTHER COURT PAPERS

17      13.    If any Party files with the Court any pleading, interrogatory answer, affidavit,

18  motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise

19  embodying Confidential Material, the pleading or other paper in which the Confidential

20  Material is embodied shall be filed and maintained under seal and shall not be available for

21  public inspection.  The Party making the filing shall be responsible for filing the pleading or

22  other paper in a sealed envelope, with a cover sheet stating:

> CONFIDENTIAL - this document is subject to a PROTECTIVE
> ORDER in *Calpine Corp. v. Western Area Power Administration, et al.*
> Civil Action No. C05-02241-SI in the U.S. District Court for the
> Northern District of California.

26      14.    Pursuant to the Honorable Judge Susan Illston's standing orders, Counsel must strictly

27  adhere to Civil Local Rule 79-5 when attempting to file documents under seal.  Counsel shall submit

28  the unsealed portion for filing in the public record.  The proposed sealed portions must be placed in

CASE NO. C05-02241-SI
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
sf-1997102

6

envelopes and submitted with the motion for leave to file under seal.  The motion must specifically identify the portions to be filed under seal.  The proposed order must identify exactly what is to be filed under seal.  All chambers' copies must contain both the sealed and unsealed materials.

15. To the extent that the Court rejects a filing on the grounds that Material has been improperly designated by the Designating Party or otherwise does not meet the criteria set for the in Paragraph 2 of this Protective Order for a Confidential or Confidential-Attorneys' Eyes Only designation, the burden is on the Designating Party to promptly seek appropriate relief from the Court and justify treatment of the Material as Confidential Material.

## **RETURN OF MATERIAL**

16. Within ninety (90) calendar days after the final settlement or termination of this litigation, any and all collateral proceedings related to this litigation, and any other legal disputes between the Parties to this Stipulation, all Material bearing a Confidential or Confidential – Attorneys' Eyes Only designation and all copies thereof and excerpts therefrom shall be returned to counsel for the Designating Party who or which Provided such Material or shall be destroyed, at the option of each Person then possessing such Material, unless within such time, the Designating Party requests in writing that such Material and all copies thereof and excerpts therefrom be returned to the Designating Party.  In the case of such a request for the return of Material bearing a Confidential or Confidential – Attorneys' Eyes Only designation, the Designating Patty shall bear the reasonable expense of returning the Material.  Such Material shall be returned within thirty (30) days from and after receipt of such request.  If, after appropriate application to the Court, any confidential deposition transcript, exhibit, or other Material is returned to the parties or to their counsel by the Clerk of the Court, such Material shall also be returned or destroyed as set forth above.  Each Party to this Stipulation and its counsel shall make reasonable efforts to ensure compliance with this paragraph and to locate, retrieve, and return or destroy all bearing a Confidential or Confidential – Attorneys' Eyes Only designation provided by each Designating Party.

CASE NO. C05-02241-SI
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
sf-1997102

7

1  Nothing contained in this paragraph shall be construed to require the return or destruction of

2  any work product of counsel or of any pleadings or briefs filed with the Court.

**SCOPE AND EFFECT OF THIS STIPULATION AND ORDER**

4  17.    Except as expressly provided above, this Protective Order is strictly a pretrial

5  order and does not govern the conduct of the trial in this civil action.

6  18.    Any Party to this Stipulation or attorney for such party may furnish

7  Confidential Material to any other party or attorney for a party without violating this

8  Protective Order.

9  19.    Nothing in this Protective Order shall be deemed to limit, prejudice, or waive

10 any right of any Person or entity: (a) to resist or compel discovery with respect to, or to seek

11 to obtain additional or different protection for, Material claimed to be protected work product

12 or privileged under applicable law, Material which a Party or third party claims a legal

13 obligation not to disclose, or Material not required to be produced pursuant to the Federal

14 Rules of Civil Procedure; (b) to seek to modify or to obtain relief from any provision of this

15 Protective Order; (c) to object to the use or admissibility at trial or other evidentiary

16 proceedings, including proceedings under Fed. R. Civ. P. 56, of any evidence, whether or not

17 comprised of Material governed by this Protective Order; or (d) to otherwise require that

18 discovery be conducted according to governing laws and rules.

19 20.    The placing of either a confidentiality designation or a production

20 identification number on the face of any Material shall have no effect on the authenticity or

21 admissibility of that Material at trial or otherwise.

22 21.    This Protective Order is without prejudice to the right of any Person to waive

23 the applicability of this Protective Order to any Material Provided by that Person or to use any

24 Material owned by that Person in any manner the Person deems appropriate.

25 22.    This Protective Order shall not affect any contractual, statutory, or other legal

26 obligation or rights of any Party to this Stipulation with respect to Material designated as

27 Confidential or Confidential – Attorneys' Eyes Only hereunder.

28

CASE NO. C05-02241-SI
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
sf-1997102

8

23. The restrictions set out in this Protective Order shall not apply to any information, including information contained in Material, which:

    (a)    At the time of disclosure hereunder is available to the public;

    (b)    After disclosure hereunder becomes available to the public through no act or failure to act violative of this Protective Order;

    (c)    As a matter of written record, was already known to a Party to this Stipulation or became known to such Party by means independent of such Material being so Provided; or

    (d)    Was received by a Party to this Stipulation from a Person, entity, or other source having the right to make such disclosure.

## **MISCELLANEOUS PROVISIONS**

24. The Parties to this Stipulation acknowledge that some Material has been or may be Provided by some of them and/or by one or more Non-Party to other of the Parties to this Stipulation prior to entry of this Protective Order based upon an agreement that it would be subject to this Protective Order. As to such Material, the Parties to this Stipulation agree and further stipulate that such documents and tangible things shall be treated for all purposes as Material and that to the extent such Material has been designated as Confidential and/or additionally as Attorneys' Eyes Only, such designation(s) shall be effective as if they had been made after entry of this Protective Order and pursuant hereto.

/
/
/
/
/
/
/
/
/

25.     The Parties to this Stipulation further acknowledge that some Material that may be Provided in this civil action may or does constitute intellectual or other property of the Producing Party and that, in order to protect such property interests, it may be necessary or advisable to Provide the Material under a license or restrictive conveyance.  The Parties to this Stipulation agree to meet and confer regarding executing such licenses and/or conveyances as may be reasonably required.

IT IS SO STIPULATED.

Dated: September 9, 2005

GORDON P. ERSPAMER
JAMES M. SCHURZ
REBECCA SNAVELY SAELAO
DEREK F. FORAN
MORRISON & FOERSTER LLP


By:  /s/
     ─────────────────────────
     Gordon P. Erspamer

     Attorneys for Plaintiffs
     Calpine Corporation, and Calpine
     Construction Finance Company, L.P.

Dated: September 9, 2005

MICHAEL S. HINDUS
BENJAMIN L. WEBSTER
ANDREA L. COURTNEY
PILLSBURY WINTHROP SHAW PITTMAN LLP


By:  /s./
     ─────────────────────────
     Benjamin L. Webster

     Attorneys for Nonparty SACRAMENTO
     MUNICIPAL UTILITY DISTRICT

Based on the foregoing stipulation, the Protective Order is hereby entered as an Order of the Court.

Dated: _____, 2005


By: ─────────────────────────
    Hon. Judge Susan Illston, District Court Judge

CASE NO. C05-02241-SI
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
sf-1997102

10

# **EXHIBIT A**

# **UNDERTAKING RE PROTECTIVE ORDER**

I, _____, acknowledge that I have read the Protective Order entered in this action, *Calpine Corp. v. Western Area Power Administration, et al., No. C05-02241-SI.* I understand the terms of the Protective Order, and I agree to be bound by it. I further understand that a violation of this Protective Order may be punishable as a contempt of court.

Dated:_____

_____

[Signature]

_____

[Relationship to or Interest in this Action]